UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00382-FDW-DSC

| | |
|---|---|
| SUSAN GAGNON,<br><br>    Plaintiff,<br><br>vs.<br><br>McCLATCHY NEWSPAPERS, INC. and<br>JOHN J. JORDAN,<br><br>    Defendants. | ORDER and NOTICE OF HEARING |

THIS MATTER is before the Court upon Defendant John J. Jordan's Motion for Summary Judgment (Doc. No. 15) and Defendant McClatchy Newspapers, Inc.'s Motion for Summary Judgment (Doc. No. 16). The parties have fully briefed both dispositive motions. The motions are now ripe for the Court's determination. The Court has reviewed the motions, briefs, exhibits thereto, and applicable law.[1] For the reasons stated herein, the Court DENIES Defendant John J. Jordan's ("Jordan") Motion for Summary Judgment (Doc. No. 15) and Defendant McClatchy Newspapers, Inc.'s ("McClatchy") Motion for Summary Judgment (Doc. No. 16).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)

---

[1] The Court, in the exercise of its discretion, finds oral argument unnecessary.

(internal citations omitted); see also Fed. R. Civ. P. 56(a), (c). The nonmoving party then bears the burden of showing a genuinely disputed material fact by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of genuine dispute[.]" Fed. R. Civ. P. 56(c).

A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" Libertarian Party of Va. v. Judd, 718 F.3d 308, 313 (4th Cir. 2013) (quoting Anderson, 477 U.S. at 248). The court must "view the evidence in the light most favorable to the nonmoving party." Jacobs v. N.C. Administrative Office of the Courts, 780 F.3d 562, 568 (4th Cir. 2015) (citations omitted).

Defendant McClatchy moved for summary judgment on all claims asserted against it.[2] (Doc. No. 16). McClatchy argues that Plaintiff's claims for wrongful discharge and disparate treatment under the Americans with Disabilities Act ("ADA") fail because Plaintiff has failed to show satisfactory performance as required for a prima facie case. (Doc. No. 16-1 at 1). McClatchy also asserts Plaintiff cannot show causation for her retaliation claim under the ADA. (Doc. No. 16-1 at 1). McClatchy "does not dispute that requesting a reasonable accommodation is a protected activity and that Defendant McClatchy terminated Plaintiff's employment." (Doc. No. 16-1 at 20).

---

[2] McClatchy argues Plaintiff's claim for accommodation under the Americans with Disabilities Act fails because McClatchy granted her request. (Doc. No. 16-1 at 1). However, the Second Amended Complaint does not allege unlawful discrimination under 42 U.S.C. § 12112(b)(5)(A) for "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual[.]" The Second Amended Complaint and Plaintiff's Response admit Defendant McClatchy provided Plaintiff the accommodation she requested. (Docs. No. 1-1, 24). Thus, this matter is not before the Court.

Defendant Jordan claims entitlement to summary judgment to Plaintiff's claim of tortious interference with contract because Plaintiff has failed to show that Jordan, as a non-outsider, acted with legal malice. (Doc. No. 15-1 at 1, 12-13).

Viewing the evidence in the light most favorable to Plaintiff, the Court concludes a dispute of material fact exists as to each of Plaintiff's claims. Days prior to initiating Plaintiff's Performance Improvement Plan on May 1, 2015 ("PIP"), Defendant Jordan emailed human resources listing one of his concerns with Plaintiff's performance as her difficulty traveling because of her vertigo. (Docs. No. 24-6, 24-10). The PIP indicated Plaintiff may be terminated after the 90-day period of the PIP if she failed to improve her performance. (Doc. No. 24-10). The PIP also required Plaintiff to stop working from home and to begin working from the Charlotte Observer office on June 1, 2015. (Doc. No. 24-10). After receiving the PIP, Plaintiff contacted human resources to formally apply for an accommodation to work from home due to her disability. The 90-day probationary period for the PIP subsequently expired on August 1, 2015 without any further discipline or termination. During this 90-day period, Jordan's email to human resources acknowledged that Plaintiff had addressed some areas of concern. (Doc. No. 24-12).

On August 28, 2015, human resources granted Plaintiff's accommodation request to work from home. (Doc. No. 24-13). A few weeks later, Defendant Jordan indicated he wanted to proceed with Plaintiff's termination. (Doc. No. 24-14). Jordan then issued a letter acknowledging that the PIP had ended and Plaintiff had made improvements. (Doc. No. 24-15). The letter explained that Jordan did not address Plaintiff's performance until working through the "work accommodation issue." (Doc. No. 24-15). The letter indicated that Defendants "intend to extend the [PIP] four more weeks" and terminate her "if there is no significant improvement" or Plaintiff

3

could "agree to separate" and McClatchy would provide transitional pay and subsidize her health care. (Doc. No. 24-15). Plaintiff did not agree to separate at that time. After the four week extension ended, Jordan on behalf of McClatchy terminated Plaintiff. (Doc. No. 24-17). Jordan's letter terminating Plaintiff indicated she had made progress in some areas and received praise for her work from the Charlotte Observer office but cited as grounds for termination the continued decline of the dealsaver program and her below standard leadership. (Doc. No. 24-17). Jordan acknowledges that after Plaintiff's termination, the dealsaver program continued to decline and the employees with responsibility for the program were not terminated. (Doc. No. 24-1 at 22-24).

In light of this evidence, there are material questions of fact as to whether Plaintiff was performing her job at a level that met her employer's legitimate expectations, whether Defendant McClatchy's justification for Plaintiff's termination was pretextual, and whether a causal connection existed between Plaintiff's termination and her request for a reasonable accommodation.[3] It also creates a material question of fact as to whether Defendant Jordan acted with legal malice. Legal malice occurs when the non-outsider "does a wrongful act or exceeds his legal right or authority . . . ." Bloch v. Paul Revere Life Ins. Co., 547 S.E.2d 51, 60 (N.C. Ct. App. 2001) (citations and quotations omitted); see also Childress v. Abeles, 84 S.E.2d 176, 182 (N.C. 1952) (defining legal malice as the "intentional doing of the harmful act without legal justification"); Lenzer v. Flaherty, 418 S.E.2d 276, 286 (N.C. Ct. App. 1992) ("The qualified privilege of a non-outsider is lost if exercised for motives other than reasonable, good faith attempts to protect the non-outsider's interests in the contract interfered with."). Therefore, the Court DENIES Defendant McClatchy and Defendant Jordan's Motions for Summary Judgment.

---

[3] The Court need not determine whether Plaintiff has presented direct evidence of discriminatory motive. (See Doc. No. 24). Direct evidence is not necessary to survive Defendants' motions for summary judgment.

FURTHER, upon review of the record, it appears that the EEOC charge filed by Plaintiff is not on the record. See Fed. R. Civ. P. 12(h)(3); Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (holding that a failure to exhaust administrative remedies deprives federal courts of subject matter jurisdiction). As alleged, Plaintiff was terminated on October 30, 2015. Plaintiff then filed an EEOC charge, number 430-2016-1137, and received a notice of right to sue letter on January 31, 2017. Plaintiff amended her complaint on June 23, 2017 to add claims pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. Therefore, the Court ORDERS Plaintiff to file her EEOC Charge and Notice of Right to Sue on or before March 16, 2018. Failure to furnish the Court with the EEOC Charge and Notice of Right to Sue may result in dismissal of Plaintiff's complaint for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED:

1. Defendant John J. Jordan's Motion for Summary Judgment (Doc. No. 15) is DENIED.
2. Defendant McClatchy Newspapers, Inc.'s Motion for Summary Judgment (Doc. No. 16) is DENIED.
3. Plaintiff shall file her EEOC Charge and Notice of Right to Sue on or before March 16, 2018.
4. TAKE NOTICE that a pretrial conference in this matter will take place before the undersigned on Thursday, April 5, 2018 at 9:00 am in Courtroom #1-1 of the Charles R. Jonas Federal Building, 401 W. Trade Street, Charlotte, N.C. 28202. The parties should reference the Court's standing orders and the Case Management Order for this case (Doc. No. 9) to ensure compliance with the submission of a joint

proposed pretrial order.  The parties' joint pretrial submissions must be submitted to the Court by March 29, 2018.

IT IS SO ORDERED.

Signed: March 13, 2018

Frank D. Whitney
Chief United States District Judge